Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) E-FILING
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JO ANNE GRAFF

FILED
2008 JAN -8 P 1:11
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

ADR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

JO ANNE GRAFF,

    Plaintiff,

v.

ACCOUNTS RECEIVABLE
MANAGEMENT, INC., a New Jersey
corporation, and WILLIAM J. COSENZA,
individually and in his official capacity,

    Defendants.

Case No. C08 00129 HRL

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*
California Civil Code § 1812.700 *et seq.*

    Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

    1.    This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

    2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC. (hereinafter "ARM"), is a New Jersey corporation engaged in the business of collecting debts in this state with its principal place of business located at: 155 Mid Atlantic Parkway, Thorofare, New Jersey 08086. ARM may be served as follows: Accounts Receivable Management, Inc., c/o CT Corporation System, Agent for Service of Process, 818 West Seventh Street, Los Angeles, California 90017. The principal purpose of ARM is the collection of debts using the mails and telephone, and ARM regularly attempts to collect debts alleged to be due another. ARM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). ARM is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

8. Defendant, WILLIAM J. COSENZA (hereinafter "COSENZA"), is a natural

-2-
COMPLAINT

1  person and is or was an employee, agent, officer and/or director of ARM at all relevant times.
2  COSENZA may be served at his current business address at: William J. Cosenza, Accounts
3  Receivable Management, Inc., 155 Mid Atlantic Parkway, Thorofare, New Jersey 08086 and at his
4  residence address at: William J. Cosenza, 205 Hanover Road, Thorofare, New Jersey 08086.
5  COSENZA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code
6  § 1788.2(c). COSENZA is a third-party debt collector subject to the federal Fair Debt Collection
7  Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff is informed and believes, and thereon alleges that
8  COSENZA is liable for the acts of ARM because he sets and approves ARM collection policies,
9  practices, procedures and he directed the unlawful activities described herein.
10         9.    At all times herein mentioned, each of the Defendants was the agent, servant,
11  employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each
12  Defendant was acting in the full course and scope of said agency, service, employment and/or joint
13  venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff
14  to refer to each Defendant, and all of them, named above.

### VI. FACTUAL ALLEGATIONS

16         10.   On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred
17  a financial obligation, namely a consumer credit account issued by Premier Bankcard, Inc., and
18  bearing the account number XXXX-XXXX-XXXX-5674 (hereinafter "the alleged debt"). The
19  alleged debt was incurred primarily for personal, family or household purposes and is therefore a
20  "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined
21  by Cal. Civil Code § 1788.2(f).
22         11.   Sometime thereafter on a date unknown to Plaintiff, the alleged debt was
23  consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.
24         12.   Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which
25  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).
26         13.   A true and accurate copy of the collection letter from Defendant to Plaintiff
27  is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.
28         14.   The collection letter (Exhibit "1") is dated February 19, 2007.

-3-
COMPLAINT

15. The collection letter (Exhibit "1") was Defendants' first written notice initially addressed to Plaintiff in connection with collecting the alleged debt.

16. The collection letter (Exhibit "1") informs the reader of the debt being collected in 10 point type.

17. The collection letter (Exhibit "1") provides the notice required by Cal. Civil Code § 1812.700(a) in 8 point type.

18. The collection letter (Exhibit "1") provides the notice required by Cal. Civil Code § 1812.700(a) in a type-size that is smaller than 12-point type and smaller than the type-size used to inform Plaintiff of the specific debt.

19. Thereafter, Defendants made several telephone calls to Plaintiff, each of which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20. On or about March 12, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> We have a very important call for Jo. This is not a telemarketing call. Please have them call us back at 800-220-3350. Once again, our office number is 800-220-3350. Good-bye.

21. On or about March 13, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> We have a very important call for Jo. This is not a telemarketing call. Please have them call us back at 800-220-3350. Once again, our office number is 800-220-3350. Good-bye.

22. On or about March 15, 2007, Defendants recorded the following automated message on Plaintiff's answering machine:

> . . . 800-220-3350. Once again, our office number is 800-220-3350. Good-bye.

23. Defendants' answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. Defendants failed to disclose Defendants' identity and the nature of Defendants' business in each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.

-4-

COMPLAINT

Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

25. Defendants failed to disclose that each of the answering machine messages was a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

27. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 25 above.

28. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

29. Defendant, ARM, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30. Defendant, COSENZA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31. The financial obligation allegedly owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

32. Defendants' answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6); and

    b. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

33. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

-5-
COMPLAINT

award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

36. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 34 above.

37. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

38. Defendant, ARM, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39. Defendant, COSENZA, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

40. The financial obligation allegedly owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

41. The collection letter (Exhibit "1") described above violates the RFDCPA. The violations include, but are not limited to, the following:

   a. Defendants failed to include the notice required by Cal. Civil Code § 1812.700(a) in their first written notice to Plaintiff in a type-size that was at least the same type-size as that used to inform Plaintiff of her specific debt or 12-point type, in violation of Cal. Civil Code § 1788 *et seq.*, as incorporated by Cal. Civil Code § 1812.702.

42. Defendants have further violated the RFDCPA in the following respect:

   a. Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b); and

   b. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated

-6-
COMPLAINT

by Cal. Civil Code § 1788.17.

43. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

44. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

45. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

46. As a result of Defendants' violations of the RFDCPA Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

47. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 *et seq.*, and Cal. Civil Code § 1812.700;

c. Declare that Defendants' answering machine messages violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

d. Declare that Defendants' answering machine messages violate the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

e. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

-7-
COMPLAINT

|   |   |   |
|---|---|---|
| 1 | f. | Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b); |
| 3 | g. | Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17; |
| 5 | h. | Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and |
| 7 | i. | Award Plaintiff such other and further relief as may be just and proper. |

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    JO ANNE GRAFF

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JO ANNE GRAFF, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

-8-
COMPLAINT

P.O BOX 129
Thorofare, NJ 08086-0129

RETURN SERVICE REQUESTED



P.O. Box 129
Thorofare, NJ 08086-0129

February 19, 2007

Acct#: 8793216
5960-23074
JO GRAFF
210 EL CARMELO AVE
PALO ALTO CA 94306-2377

Creditor: PREMIER BANKCARD, INC.
Account #:   4610078004835674
Total Due:   $856.19
Claim Date:  February 19, 2007

**Special Offer**

Dear JO GRAFF:

Your account was assigned to us for one reason, to secure payment in full. However, your creditor has authorized us to extend a special offer to settle this account with you at a significantly reduced amount. In order to take advantage of this money saving opportunity, please contact us at the number listed below.

Local (856) 931-4500 Ext. 6317    TOLL FREE (800) 220-3350 Ext. 6317

**Make payment the quick & easy way. To use our service dial (800)220-3350, press #1 enter your account number and simply follow the prompts.**

For your convenience we also accept the following payment options:

Western Union Quick Collect
Money Gram
Credit Card (Visa, MasterCard, Discover, American Express-please fill out form on bottom portion & return)
Pay by Phone (Payment will be debited directly from your bank account electronically through the ACH System)

Please call either number above for assistance.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This communication is from a debt collection agency.**
This is an attempt to collect a debt and any information obtained will be used for that purpose.
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION THAT MAY APPLY TO YOU.**

---

Creditor:    PREMIER BANKCARD, INC.
Account #:   4610078004835674
Total Due:   $856.19
Claim Date:  February 19, 2007

| IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW |
|---|
| ☐ VISA    ☐ MASTERCARD    ☐ DISCOVER    ☐ AMER. EXP. |
| CARD NUMBER                    EXP. DATE         AMOUNT |
| SIGNATURE                      MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD |

Phone number for verification of information if necessary:(_____) _____
Payment by credit card will be processed by PayMyBill



EXHIBIT
1

JO GRAFF
210 EL CARMELO AVE
PALO ALTO CA 94306-2377

Acct#: 8793216
ACCOUNTS RECEIVABLE MANAGEMENT, INC.
P.O. BOX 129
THOROFARE, NJ 08086-0129

ARM-21001 REV C

PBT    PLEASE RETURN THIS PORTION OF THE NOTICE WITH YOUR PAYMENT    5960-23074

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTIONS PRACTICES ACT, SEE
WWW.AGO.STATE.CO.US/CADC/CADCmain.cfm

**Maine Residents:**
This company is licensed as a collection agency in the State of Maine under the name:
**New Jersey Accounts Receivable Management, Inc.**

**Massachusetts Residents:**
NOTICE OF IMPORTANT RIGHTS
You have the right to make written or oral request that telephone calls regarding your debt not be made to you at your home or place of employment. Any such oral request will be valid for only place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the collection agency.

| HOURS OF OPERATION | | MASSACHUSETTS HOURS AND ADDRESS |
|---|---|---|
| Monday – Thursday | 8:30 AM – 11:00 PM | Monday – Friday 10:00AM – 3:00PM |
| Friday | 8:30 AM – 8:00 PM | 5230 Washington Street |
| Saturday | 8:00 AM – 12:00 Noon | West Roxbury, MA 02132 |

**City of New York Residents:**
CITY OF NEW YORK DEPARTMENT OF CONSUMER AFFAIRS
License Number: 1021362

**North Carolina Residents:**
North Carolina Department of Insurance #3179

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Arizona Residents:**
Our local address is 2394 E. Camelback Rd., Phoenix, AZ 85016. Office hours are: 8:30 a.m. to 4:30 p.m. Monday through Friday.

**Nevada Residents:**
Our local address is 20 Bonneville Avenue Las Vegas, Nevada 89101.

**Washington State Residents:**
Our local address is 512 Bell Street Edmonds, WA 98020-3147.

PO BOX 129
Belvidere, NJ 08006-0129
RETURN SERVICE REQUESTED

Acct# 8793216
JD GRAFF
210 EL CARMELO AVE
PALO ALTO CA 94306-2377

5680-29074

LADKSP1 94306

FIRST-CLASS

FIRST-CLASS MAIL
PRESORTED
US POSTAGE
PAID
PSC